# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ILIA CHAROV, | ) |
|      Plaintiff, | ) |
| vs. | ) 2:09-cv-02443-RCJ-RJJ |
| MICHAEL PERRY et al., | ) |
|      Defendants. | ) **ORDER** |

This case arises out of the foreclosure of Plaintiff's mortgage. Plaintiff has defaulted on a $236,000 promissory note secured by a deed of trust to the property located at 886 Blue Rosalie Place, Henderson, NV 89052. Plaintiff has filed a forty-one-page Complaint (#1), as well as a Motion for Preliminary Injunction (#2). Two Defendants have filed a Motion to Dismiss (#3), which another Defendant has joined, (*see* #6). It is not entirely clear what causes of action Plaintiff attempts to plead. The Court can ascertain that certain federal statutes are intended to be pled, but the state law claims are unclear. Much of the Complaint consists of generalized grievances about the mortgage and banking industries, argumentation concerning the law of commercial paper, and reproductions of statutes and the orders of other courts (or mock orders—it is difficult to tell).

As Defendants note, Plaintiff executed and recorded a quitclaim deed to Valeri Charov for zero consideration a day prior to the trustee's sale, (*see* #3, Ex. F), removing his standing to claim an interest in the property. Plaintiff's only plausible claims, therefore, are his federal statutory claims for damages under the Fair Debt Collection Practices Act ("FDCPA"), Fair

Credit Reporting Act ("FCRA"), Real Estate Settlement Procedures Act ("RESPA"), and Truth in Lending Act ("TILA"), and the Court need not examine whether foreclosure was proper.[1]

Plaintiff obtained his loan on or about June 15, 2006, (*see id.*, Ex. A, at 1), and he filed the Complaint on December 30, 2009, over three years later. Therefore, the TILA and RESPA claims are time-barred. *See* 15 U.S.C. § 1640(e) (one-year limitations period); 12 U.S.C. § 2614 (one-year and three-year limitations periods). Next, Plaintiff alleges that "the named defendant" failed to follow statutory notification requirements when it notified him of his debt, in violation of FDCPA and FCRA, 15 U.S.C. § 1692g, but Plaintiff does not allege which defendant failed to notify him, or which defendant he claims is a debt collector under the act. Defendants believe Plaintiff complains that the notice of default and election to sell was itself a debt collection attempt, and they argue that is not the case. The Court agrees. Even if it constitutes a debt collection attempt, which is highly doubtful, recordation of a notice of default cannot violate FDCPA because consent to make such a recordation upon default is necessarily given to a trustee in a deed of trust where state law requires such recordation as part of a non-judicial foreclosure. *See Maynard v. Cannon*, 650 F. Supp. 2d 1138, 1143–44 (D. Utah 2006).

---

[1] The public records adduced by Defendants, of which the Court takes judicial notice, *see Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), indicate that foreclosure here was proper. IndyMac Bank, F.S.B. was the lender (and therefore the beneficiary), as noted on the deed of trust, (*see* #3, Ex. A, at 2), and IndyMac caused Quality Loan Service Corp. to record the notice of default and election to sell, (*see id.*, Ex. B, at 2). Indy Mac substituted Quality Loan Service Corp. as trustee. (*See id.*, Ex. D, at 1). Finally, Quality Loan Service Corp. filed the notice of sale and conducted the sale. (*See id.*, Exs. E, G). This sequence of events shows a proper foreclosure. IndyMac, the beneficiary, caused all events of foreclosure through its agent and trustee, Quality Loan Service Corp. *See* Nev. Rev. Stat. § 107.080. This case does not present a faulty attempt to transfer the beneficial interest by MERS. Although in this case, the deed of trust purported to make MERS the beneficiary, and MERS subsequently "assigned" the deed of trust back to IndyMac, (*see* #3, Ex. A, at 2; *id.*, Ex. C), this was unnecessary. MERS was never in reality the beneficiary and did not need to "assign" the beneficial interest to IndyMac, which retained the beneficial interest all along. *See, e.g.*, *Gomez v. Countrywide Bank, FSB*, No. 2:09-cv-01489-RCJ-LRL, 2009 WL 3617650, at *2 (D. Nev. Oct. 26, 2009) (Jones, J.).

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (#3) is GRANTED and the Motion for Preliminary Inunction (#2) is DENIED.

DATED this 30th day of June, 2010.

_____
Gloria M. Navarro
United States District Judge