# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| ILIA CHAROV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 2:09-cv-02443-GMN-RJJ |
| | ) | |
| MICHAEL PERRY, et al., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The above-captioned case arose out of the foreclosure of Plaintiff's mortgage. The case was dismissed by Court Order on August 9, 2010, due to Plaintiff's failure to pay the requisite filing fee or, in the alternative, to file a motion for leave to proceed *in forma pauperis*. (*See* Order, Aug. 9, 2010, ECF No. 41.)

Pending before the Court is a document filed by Plaintiff on August 27, 2010 (ECF No. 43) that appears to contain a Motion for Relief from the Court's August 9, 2010 Order and a Motion to Disqualify the Judge. For the reasons that follow, the Court denies both of these motions.

**I.     MOTION FOR RELIEF FROM THE COURT'S ORDER**

Citing "Rule 60(b)(1)(6)(3) [sic]," Plaintiff appears to be seeking relief from the Court's August 9, 2010 Order dismissing his lawsuit. (*See* Mot. 1:23–28, ECF No. 43.) Rule 60(b) provides that on motion and just terms, the Court may relieve a party from a final judgment, order, or proceeding for a number of different reasons, including mistake, excusable neglect, or the discovery of new evidence. Fed. R. Civ. P. 60(b)(1)–(6).

Here, Plaintiff appears to be arguing that the Court should vacate its Order because it used the wrong statute in reaching its ruling. Specifically, Plaintiff seems to think that

the procedural requirements of 28 U.S.C. § 1915(a)(1) do not apply to him because he is not a prisoner. (Mot. 1:23–2:4.)  28 U.S.C. § 1915(a)(1) (2006) provides that:

> [A]ny court of the United States may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

*Id.*

Quoting the text of this statute, Plaintiff capitalizes, underscores, and bolds the word "prisoner" contained therein, and, then, without further discussion, asserts: "Plaintiff is not a prisoner." (Mot. 1:26–2:2.)  Although he does not fully articulate the point, it appears that Plaintiff is contending that 28 U.S.C. § 1915(a)(1) only applies to prisoners and that he therefore did not need to submit an application to proceed *in forma pauperis* in order to be able to bring this lawsuit without paying the usual filing fee.  Plaintiff is incorrect.

Numerous Courts of Appeal have held that, notwithstanding the term "prisoner" in the statute, section 1915(a) "applies to all persons applying for IFP status, and not just prisoners." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (collecting cases from the Eleventh, Fifth, and Sixth Circuits so holding); *see Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) (citing to *Lister* and explaining that "28 U.S.C. §1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting IFP status."). Accordingly, Plaintiff's contention that the Court should vacate its August 2, 2010 Order on the basis that it applied the wrong law is without merit.  Plaintiff's Motion for Relief is denied.

**II.     MOTION TO DISQUALIFY THE JUDGE**

On the second page of the document before the Court, Plaintiff appears to be making a motion to disqualify the Judge. Plaintiff's entire argument on the subject is as follows:

> Further Judge Navarro was recused under FRCP § 144 clearly states that, "When a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such a proceeding."
>
> Therefore for the above reasons of new evidence submitted to this court and the above reasons, Judge Navarro should excuse herself and the next judge rule on the evidence of the fraud as presented in the research submitted in the forensic audit.

(Mot. 2:15–25) (all errors are consistent with the original).

Although Plaintiff is correct that there is a rule requiring recusal in the event of judicial bias or prejudice, it is located at 28 U.S.C. § 144 (2006), not in the Federal Rules of Civil Procedure. Furthermore, that statute requires that the challenging party submit an affidavit that "state[s] the facts and the reasons for the belief that bias or prejudice exists," and requires that the party submit such an affidavit no fewer than ten days before the beginning of the term at which the proceeding is to be heard, unless good cause is shown. 28 U.S.C. § 144.

Upon the submission of such an affidavit, the judge who is the subject of the disqualification motion may make the initial determination as to the legal sufficiency of the affidavit, meaning the judge may look to whether the affidavit is timely and whether it states "facts and reasons" establishing the judge's bias. *U.S. v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976). In reaching such a determination, the judge may not pass

judgment on the truth or falsity of the facts as stated in the affidavit. *Id.*

This Court need not undertake such a determination, however, as no affidavit has been provided here. Instead, Plaintiff merely makes conclusory statements in which he seems to suggest that the Judge is biased, without providing further discussion or facts to demonstrate why that is the case.

Perhaps Plaintiff is trying to allege that the Judge's citation to 28 U.S.C. § 1915(a)(1) in the Court's earlier Order is evidence of the Judge's bias against him, as Plaintiff wrongly believes that section 1915(a)(1) does not apply to him, but such an unfounded claim is legally insufficient to prove bias or prejudice. Were parties able to accuse a Judge of bias or prejudice any time a judge properly ruled against them, the courts would soon cease to function. Accordingly, Plaintiff's claim of judicial bias and/or prejudice cannot be sustained.

When there is no ground for disqualification, a judge has an obligation to refrain from recusal that is as strong as the obligation to recuse upon a proper showing. *See U.S. v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008). Thus, when, as here, there has not been a sufficient showing of bias to warrant recusal, a Judge should refrain from recusal. Plaintiff's motion is therefore denied.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff ILIA CHAROV's Motion for Relief from a Court Order and Motion to Disqualify the Judge are both DENIED.

DATED this 1st day of September, 2010.

_____
Gloria M. Navarro
United States District Judge