1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## DISTRICT OF NEVADA

9

\* \* \*

10  ILIA CHAROV,                                    )
                                                    )
11              Plaintiff(s),                       )        Case No. 2:09-cv-2443-GMN-RJJ
                                                    )
12       vs.                                        )        **O R D E R**
                                                    )        **Re: Claim of Judicial Misconduct**
13  MICHAEL PERRY CEO, INDYMAC                      )
    BANK F.S.B., DEUTSCHE BANK                      )
14  NATIONAL TRUST COMPANY;                         )
    ONE WEST BANK, FSB; QUALITY                     )
15  LOAN SERVICES; CHRISTIAN                        )
    FLORES, *et al.,*                               )
16                                                  )
                Defendant(s).                       )
17  _____)

18          Before the Court is Plaintiff's **Notice of Judicial Misconduct** (#45, filed  October

19  14, 2010) directed to ATTENTION CHIEF JUDGE ROGER HUNT.  Accordingly, as Chief Judge,

20  the undersigned has considered Plaintiff's document and interprets it as a Complaint of Judicial

21  Misconduct.

22          This Complaint of Judicial Misconduct arises out of the foreclosure of a home

23  originally owned by Plaintiff, but which was quit claimed by him to another, destroying any

24  standing Plaintiff had to challenge the foreclosure.  For that reason, and for the reason that Plaintiff

25  failed to amend the faulty complaint as ordered and also failed to either pay the filing fee or petition

26  to be declared *in forma pauperis*, the case was dismissed.

1

1   Plaintiff now alleges judicial misconduct because Judge Navarro's rulings were

2   improper because she did not comply with the law, ignored facts, allowed illegal use of statutes, and

3   refused to properly consider and grant Plaintiff's various motions.

4   Charges that relate directly to the merits of the judge's ruling are not cognizable

5   under the misconduct complaint procedure and must be dismissed.  *See* 28 U.S.C. §352(b)(1)(A)(ii);

6   Judicial-Conduct Rule 3(h)(3)(A); *In re Charge of Judicial Misconduct*, 685 F.2d 1226, 1227 (9th

7   Cir. Jud. Council 1982).

8   Adverse rulings are insufficient to support disqualification based upon claims of bias

9   or prejudice. *Hall v. Doering,* 185 FRD 639, 742 (D. Kan. 1999); *Liteky v. United States*, 510 U.S.

10   540, 555, (1994), even if the number of such rulings is extraordinarily high. *Stivers v. Pierce*, 71

11   F.3d 732, 741-742 (9th Cir. 1995) *See also, U.S. v. Conforte*, 624 F.2d 869 (9th Cir. 1980) (it is not

12   ground for disqualification that a judge has ruled against the moving party or that he may have made

13   an error of law).

14   Plaintiff's request for the case (and all future cases) to be reassigned to a new judge

15   is not cognizable under the misconduct complaint procedure.  *See* Judicial-Conduct rule 11(a).

16   Moreover, the request is moot in this case, as the matter has been dismissed, and is premature as to

17   any cases which *may* be filed in the future.

18   IT IS THEREFORE ORDERED that the **Complaint of Judicial Conduct**, styled as

19   NOTICE OF JUDICIAL MISCONDUCT, is DISMISSED.

20   Dated: October 25, 2010.

21

22   _____

23   **Roger L. Hunt**
     **Chief United States District Judge**

24

25

26

2